NICOLA T. HANNA
United States Attorney
PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division
ELIZABETH R. YANG (Cal. Bar No. 196461)
Assistant United States Attorney
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-1785
    Facsimile: (213) 894-2927
    E-mail:    elizabeth.yang@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. ED CR 17-00091-VAP |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT FAZLIDDIN KURBANOV |
| V. | |
| FAZLIDDIN KURBANOV, | |
| Defendant. | |

    1.   This constitutes the plea agreement between FAZLIDDIN KURBANOV ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

### DEFENDANT'S OBLIGATIONS

    2.   Defendant agrees to:

        a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Count One of the indictment in United States v. Fazliddin Kurbanov, ED CR No. 17-

00091-VAP, which charges defendant with Attempted Murder of a Federal Officer, in violation of 18 U.S.C. §§ 1114(3), 1113.

      b.    Not contest facts agreed to in this agreement.

      c.    Abide by all agreements regarding sentencing contained in this agreement.

      d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

      e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

      f.    Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

      g.    Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

      h.    Not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

THE USAO'S OBLIGATIONS

3.    The USAO agrees to:

      a.    Not contest facts agreed to in this agreement.

      b.    Abide by all agreements regarding sentencing contained in this agreement.

      c.    At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant, which would have otherwise subjected defendant to a total maximum sentence of 45

years instead of 20 years for the count to which defendant is pleading guilty.[1] Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

        d.    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

        e.    Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not further criminally prosecute defendant for violations arising out of defendant's conduct on or about May 31, 2016. Defendant understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement. Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the

---

[1] Count Two (Assault on a Federal Officer with a Deadly or Dangerous Weapon and which Inflicts Bodily Injury, in violation of 18 U.S.C. § 111(b)) carries a statutory maximum of 20 years' imprisonment. Count Three (Possession by an Inmate of a Prohibited Object Designed or Intended to Be Used as a Weapon, in violation of 18 U.S.C. §§ 1791(a)(2), (b)(3)) carries a statutory maximum of 5 years' imprisonment and the requirement that any sentence imposed for this offense must run consecutive to the sentence being served by the defendant at the time of the offense.

sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

## NATURE OF THE OFFENSE

4. Defendant understands that for defendant to be guilty of the crime charged in Count One, that is, Attempted Murder of a Federal Officer, in violation of Title 18, United States Code, Sections 1114(3), 1113, the following must be true:

(1) Defendant did something that was a substantial step toward killing victim C.J.;

(2) When defendant took that substantial step, defendant intended to kill victim C.J.;

(3) Victim C.J. was a federal officer or employee of the United States; and

(4) Defendant attempted to kill victim C.J. while he was engaged in or on account of the performance of official duties.

## PENALTIES AND RESTITUTION

5. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Sections 1114(3), 1113, is: 20 years' imprisonment; a lifetime period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6. Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 20 years' imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $100.

7. Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offense to which defendant is pleading guilty. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty; and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts.

8. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

9. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the Court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this

case may also subject defendant to various other collateral consequences, including but not limited to, revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

10. Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

11. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 13 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On May 31, 2016, defendant, an inmate at the Victorville Federal Correctional Complex in the Central

District of California, attempted to murder victim C.J. at one of the medium security facilities, specifically, FCI II - Victorville. At the time of the attack, C.J. was the warden at FCI II and standing in the dining facility near the serving line to be accessible to inmates during the lunch service. Defendant, armed with an approximately four-inch homemade shank, approached C.J. from behind, wrapped one arm around C.J.'s neck, and tried to slit C.J.'s throat. After C.J. instinctively raised his hands to protect his throat, defendant slashed the left side of C.J.'s body from armpit to hip bone. C.J. required approximately 80 staples to close the wound, resulting in a permanent disfiguring scar and sharp pains most likely caused by nerve damage.

In a subsequent Mirandized interview, defendant admitted, among other things, that he specifically targeted C.J., that he made the shank the week prior to the attack specifically to kill C.J., that he had previously carried the shank in his shoe to the recreation yard to test whether it would set off the metal detector, that he concealed the shank in his right shoe on the day of the attack, and that he tried to cut the main vein in C.J.'s neck. Defendant also repeatedly admitted that he intended to kill C.J.

SENTENCING FACTORS

12. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set

forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

13. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 33 | [U.S.S.G. § 2A2.1(a)(1)] |
| Specific Offense Characteristics: | | |
| Permanent Bodily Injury: | +4 | [U.S.S.G. § 2A2.1(b)(1)(A)] |
| Official Victim: | +6 | [U.S.S.G. § 3A1.2(c)(2)] |
| Acceptance of Responsibility: | -3 | [U.S.S.G. §§ 3E1.1(a), (b)] |
| Total Offense Level: | 40 | |

The USAO will agree to a two-level downward adjustment for acceptance of responsibility (and, if applicable, move for an additional one-level downward adjustment under U.S.S.G. § 3E1.1(b)) only if the conditions set forth in paragraph 3 are met and if defendant has not committed, and refrains from committing, acts constituting obstruction of justice within the meaning of U.S.S.G. § 3C1.1, as discussed below. Subject to paragraph 26 below, defendant and the USAO agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments, or departures relating to the offense level be imposed. Defendant agrees, however, that if, after signing this agreement but

prior to sentencing, defendant were to commit an act, or the USAO were to discover a previously undiscovered act committed by defendant prior to signing this agreement, which act, in the judgment of the USAO, constituted obstruction of justice within the meaning of U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set forth in that section and to argue that defendant is not entitled to a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1.  Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

14.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

15.  With respect to Count One, defendant and the USAO agree that, taking into account the factors listed in 18 U.S.C. § 3553(a)(1)-(7), and the relevant Sentencing Guidelines factors set forth above, an appropriate disposition of this case is that the Court impose a sentence of:  at least 15 years' imprisonment to run consecutive to the term of imprisonment already imposed in <u>United States v. Kurbanov</u>, 1:13-CR-00120-EJL-01, in the District of Idaho, with defendant and the USAO reserving the right to argue for concurrent versus consecutive time for the remaining 5 years of the 20-year statutory maximum for the offense of conviction.  The parties make no agreement as to the amount of restitution, but defendant understands that he will be required to pay full restitution to the victim(s) of the offense to which defendant is pleading guilty.  The parties also agree that no prior imprisonment (other than credits

that the Bureau of Prisons may allow under 18 U.S.C. § 3585(b)) may be credited against this stipulated sentence, including credit under Sentencing Guideline § 5G1.3.

## WAIVER OF CONSTITUTIONAL RIGHTS

16. Defendant understands that by pleading guilty, defendant gives up the following rights:

   a. The right to persist in a plea of not guilty.

   b. The right to a speedy and public trial by jury.

   c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

   d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

   e. The right to confront and cross-examine witnesses against defendant.

   f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

   g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

   h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

17. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

18. Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 20 years, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (e) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

19. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 20 years, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the amount and terms of any restitution order.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

20. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

21. Defendant agrees that if the count of conviction is vacated, reversed, or set aside, or any of the enhancements imposed by the Court to which the parties stipulated in this agreement is vacated or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

22. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

23. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

24. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

    a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

    b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.  Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND PROBATION OFFICE NOT PARTIES

25.  Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

26.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 13 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may

be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

27. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

28. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///
///
///

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

29. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

NICOLA T. HANNA
United States Attorney

/s/ Elizabeth R. Yang                      3/8/2018
ELIZABETH R. YANG                          Date
Assistant United States Attorney

/s/                                        6/3/2018
FAZLIDDIN KURBANOV                         Date
Defendant

/s/                                        3/6/18
HILARY POTASHNER                           Date
Federal Public Defender
DEBORAH GONZALEZ
Deputy Federal Public Defender

Attorneys for Defendant
FAZLIDDIN KURBANOV


CERTIFICATION OF DEFENDANT

[PLEASE SELECT ONE: ~~[I have read this agreement in its entirety.]~~ [This agreement has been read to me in Russian, the language I understand best.]] I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have

16

discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          6/3/2018
FAZLIDDIN KURBANOV                      Date
Defendant

[TO BE COMPLETED IF DEFENDANT DOES NOT SPEAK ENGLISH FLUENTLY.]

CERTIFICATION OF INTERPRETER

I, Zoya Spivakovsky, am fluent in the written and spoken English and Russian languages.  I accurately translated this entire agreement from English into Russian to defendant FAZLIDDIN KURBANOV on this date.

_____          3/6/2018
INTERPRETER                             Date

17

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am FAZLIDDIN KURBANOV's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____         3/4/18
HILARY POTASHNER                          Date
Federal Public Defender
DEBORAH GONZALEZ
Deputy Federal Public Defender

Attorneys for Defendant
FAZLIDDIN KURBANOV